IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK O. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0347-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's appeal from an adverse determination by the Commissioner of Social Security. The parties have waived oral argument (doc. 18) and have consented to the exercise of jurisdiction by a magistrate judge (doc. 19), and the district judge previously assigned to this action has entered an order referring this matter to the undersigned for entry of judgment (doc. 21). Upon review of the briefs and the record as a whole, the undersigned finds that this matter is due to be REVERSED and REMANDED to the Commissioner for further proceedings consistent with the court's order.

Facts

Plaintiff filed his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 4, 2006. At that time, he was thirty years of age, and claimed that he had become disabled as of December 5, 2005. His applications were initially denied, and he sought and received a hearing before an Administrative Law Judge ("ALJ"). He was represented at the hearing by Monica Grecu, Esq., who represents him in this appeal, as well.

Plaintiff alleged that he suffered from chronic back pain; he had been diagnosed with a large herniated lumbar disc at the L5-S1 level following a work-related event in November 2005, and underwent a diskectomy in 2006. He was thereafter diagnosed with a second disc extrusion at that level. The record also reflects that plaintiff had been in special education classes in school and suffered a mental impairment. His past relevant work is as a fish plant worker and supervisor.

Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga.1980). This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir.1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir.1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir.1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir.1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir.1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir.1983). "Substantial evidence" means more than a scintilla, but less than a preponderance. In other words, "substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to

justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir.1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir.1991). In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir.1995); Walker, 826 F.2d at 999. With this legal framework in mind, the court now turns its focus to claimant's assignments of error.

## Analysis

Plaintiff claims that the ALJ: (1) failed to develop a full and fair record, particularly concerning plaintiff's mental impairment; (2) that the ALJ's residual functional capacity assessment was flawed because he did not discuss plaintiff's mental impairment; (3) that the ALJ failed to complete a Psychiatric Review Technique Form (PRTF) or to analyze plaintiff's claim under that standard, and (4) that the ALJ did not properly analyze plaintiff's credibility.

### Duty to Develop Full and Fair Record

At the hearing, plaintiff testified that his education consisted of special education classes, and that he had trouble reading and maintaining a checking account. Because counsel had been unable to obtain plaintiff's school records prior to the hearing, the ALJ granted counsel's request to submit such records after the hearing, noting that more development of the record might be necessary thereafter. A letter from plaintiff's special education teacher, contained in those

records, indicates that plaintiff had been classified as educable mentally retarded.[1]

Despite submission of the additional evidence supporting plaintiff's claim of a mental impairment, which arose during his childhood, the ALJ did not order a Consultive Examination or otherwise develop the record further.  Moreover, though a Vocational Expert was present at the hearing and was given hypothetical questions concerning plaintiff's ability to work under various combinations of impairments, the ALJ did not include a hypothetical question that expressly took into account plaintiff's claimed mental impairment.[2]  Finally, the ALJ's decision does not mention the mental impairment, and thus does not address whether the mental impairment was 'severe', nor does the ALJ even address the affect of claimant's mental function when combined with his severe physical impairments.  As there is no mention of that evidence, there is no indication why the ALJ did not address the mental impairment or seek to expand the record so that a valid determination of that impairment could be made.[3]

---

[1] This diagnosis is also referred to as "mild mental retardation."  Individuals in this category typically have an IQ in the range of 50-55 to 70.

[2] The VE testified that, if the court credited plaintiff's testimony, there were no jobs available in the national or regional economy which he could perform.  While it appears that this question was intended to cover the plaintiff's subjective reports of pain, it could also have been understood to include the mental impairment and related limitations.

[3] An "ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a VE to be reversible error when the ALJ relied on the expert's testimony in reaching a disability decision." Maiben v. Astrue, 2008 WL 1697257 (S.D.Ala. 2008), citing Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985).
   The undersigned is further concerned due to an error in the record which is noted by plaintiff in his brief.  Specifically, the record includes a school record of another individual which minimized that person's complaints concerning mental function and could have led the ALJ to an erroneous conclusion.  It is unclear whether the ALJ relied on that information however, and the undersigned is not maintaining that he did rely on the improperly-included material.  Rather, this discovery merely underscore the court's concern that the record on this issue is inadequate for the court to determine that the ALJ's determination was properly supported.  In light of evidence such as the fact that plaintiff worked for several years and was

The Commissioner has a duty to develop the medical record fully and fairly, even when the claimant is represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981); Stutts v. Astrue, 489 F.Supp.2d 1291. 1293, 1294 (N.D. Ala. 2007); Hollady v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988). "[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Hollady, *supra*. Plaintiff argues that additional information which may include IQ testing was necessary to an informed decision on whether plaintiff suffered from a "severe" mental impairment which could have altered the Commissioner's determination of what effect any such impairment would have had on his ability to perform basis work activities. Because there was evidence of mental limitations, and particularly because it is possible that such mental impairment, coupled with a severe physical impairment such as the ALJ found, *might* meet the standard of Listing 12.05C, *see* Stutts, at 1294, the court believes plaintiff is correct.

The ALJ's failure to seek supplementation of the record and to otherwise address the evidence of mental impairment and its potential effect on plaintiff's claim of disability leaves the court unconvinced from the record that the ALJ's adverse determination was supported by substantial evidence. There is no requirement that the ALJ "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow the court to conclude that the ALJ considered the claimant's medical condition as a whole. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) However, "[u]nless the Secretary has analyzed all evidence and has

---

promoted to a supervisory position by his former employer, the court is not convinced that evidence of a mental impairment, if it had been developed, would have led the ALJ to a different conclusion. However, the lack of guidance in the ALJ's decision leaves the court with little basis for anything but supposition as to his reasoning on this point or the possible outcome if the mental impairment is considered.

sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Cowart v. Schweiker, 662 F.2d 731, 735 (5th Cir. 1981). It is appropriate on this basis to remand the case for further proceedings. Nonetheless, the court briefly addresses plaintiff's other assignments of error.

### Residual Functional Capacity

Much of the same reasoning outlined above applies to plaintiff's claim that the ALJ's residual functional capacity assessment was flawed because he did not discuss plaintiff's mental impairment. By leaving unanswered the question of whether and to what extent the ALJ considered plaintiff's evidence of mental failing to address plaintiff's mental impairment, the ALJ's decision on plaintiff's work function limitations is likewise called into question. The ALJ determined that, rejecting plaintiff's subjective complaints of pain, plaintiff could hold jobs that involve light work, with certain modifications. The purely physical analysis utilized by the ALJ may significantly understate the obstacles plaintiff faces in obtaining and holding employment. On remand, the Commissioner may wish to address the manner, if any, that plaintiff's mental limitations affect his ability to perform the duties of light work.

### Psychiatric Review Technique Form

Plaintiff's arguments on this point again rely on plaintiff's allegations that he suffers from a mental impairment. Plaintiff asserts that the ALJ was required to follow the mode of analysis dictated by the PRTF form and accompanying regulations. 20 C.F.R. §404.1520a-(a). Because plaintiff "presented a colorable claim of mental impairment, the social security

regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005)(reversing district court and remanding to Commissioner due to this failing). Plaintiff's school records and his own testimony are sufficient to trigger this duty; it is without dispute that the ALJ failed to explicitly analyze plaintiff's mental state in any manner. Thus, the ALJ's analysis failed to satisfy this requirement requiring an explicit analysis of plaintiff's mental health in this particular manner.

### Credibility Determination

Finally, plaintiff contends that the ALJ did not properly analyze plaintiff's credibility. The regulations of the Commissioner require an ALJ to address the credibility of a claimant's subjective complaints of pain in a particular manner. Social Security Ruling 96-7p mandates that the ALJ address in detail the basis for its determination that the claimant's testimony on pain is not credible.

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Social Security Ruling 96-7p. The ALJ is required to utilize seven factors in deciding on credibility: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications used to alleviate pain or other symptoms; (5)

treatment other than medication, received for relief of pain or other symptoms; (6) any measures, other than treatment, used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Although the ALJ found that plaintiff's objective medical condition could lead to the type of pain he complained about, he nonetheless found plaintiff's reports of pain not credible "to the extent they are inconsistent with the residual functional capacity assessment." (*See* Doc. 12 at 15).[4] The ALJ also cited the determination by Dr. Givhan that plaintiff suffered moderate pain, as well as the facts that plaintiff was being treated conservatively with medication and had refused certain treatment for his condition, including injections and additional surgery. The court does not determine whether this formulation is sufficient; the ALJ fails to expressly mention the seven factors of the regulation but does include some detail on the basis for his determination. On remand, the ALJ may wish to strengthen his opinion's treatment of any credibility determination.

## Conclusion

It is hereby ORDERED that the case be REMANDED to the ALJ for an evaluation of Robinson's mental impairments that complies with the applicable regulations and this order.

---

[4] The ALJ found that plaintiff used an unprescribed cane. In the Commissioner's brief, he argues that the use of an unprescribed cane by a claimant–a device used by those with mobility issues for centuries without a prescription–is an indication that the claimant was trying to exaggerate his symptoms for the purpose of getting benefits. The ALJ, however, made no such finding in this case, and indeed states that plaintiff testified that he had used the cane for several years. Doc. 12 at 16 [page 4 of the ALJ's decision]. While it is certainly possible that a cagey claimant *could* add a cane to other efforts to exaggerate his claims to the agency or court, making such a conclusion from nothing other than the use of the cane without a prescription is unwarranted.

Judgment in favor of the petitioner shall be entered separately.

DONE and ORDERED this the 29th day of January, 2010.

                                      /s/ Katherine P. Nelson
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**